In the Matter of the Estate of Jeffrey O'Neill, Deceased. Genevieve Milk, as Administratrix of the Estate of Jeffrey O'Neill, Deceased, Appellant; Louis N. Forman et al., Respondents.— In a proceeding by petitioner, as administratrix and sole distributee of the estate of decedent, pursuant to section 231-a of the Surrogate's Court Act, to determine the compensation due to her attorney, the respondent Louis Noah Forman, for the services rendered by him to the estate, the petitioner appeals from an order of the Surrogate's Court, Queens County, dated September 21, 1960, granting in all respects the respondent attorney's motion, made pursuant to section 316 of the Surrogate's Court Act and rule 103 of the Rules of Civil Practice, to strike out certain portions of paragraphs 4, 5 and 6 of the petition. Order modified, as follows: (1) by striking out its entire decretal paragraph; (2) by substituting provisions granting said respondent's motion to the extent of deleting from paragraph 4 of the petition these two items: (a) the sentence reading " Following this claim and on or about March 21, 1956, complaint was made on your petitioner's behalf to the Association of the Bar of the City of New York that the aforesaid contingent agreement for the payment of attorney's fees was unconscionable "; and (b) the phrase: " that thereafter as a result of said complaint and "; and (3) by substituting a provision denying said respondent's motion in all other respects. As so modified, the order is affirmed, without costs. Petitioner is directed to serve an amended petition accordingly, within 20 days after entry of the order hereon or within such time as may be mutually fixed by written stipulation of the parties. In our opinion, those remaining allegations contained

in the petition's fourth paragraph, to which said respondent objected, and which were ordered to be struck from the petition by the learned Surrogate, are relevant and material to the subject controversy and its background. While some of the allegations contained in the petition's fifth and sixth paragraphs, to which said respondent also objected, appear to be conclusory in nature and would not aid the pleader in the event that the sufficiency of the pleading be questioned, yet it is our opinion that the retention of these allegations would not prove prejudicial to said respondent and should not have been struck from the petition, pursuant to rule 103 of the Rules of Civil Practice. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.